UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHELLE STEVENS, et al.

    Plaintiffs,

v.

CITY OF BLUE ASH, et al.,

    Defendants.

NO. 1:10-CV-00182

**OPINION AND ORDER**

This matter is before the Court on Defendant Kathleen Grant's Motion for Summary Judgment (doc. 63) and Defendant Grant's Motion to Strike the Addendum of the Expert Report of Gary Walls, Ph.D., and Paragraph D of the Affidavit of Gary B. Walls (doc. 85), together with the respective responsive memoranda (docs. 83, 86, 91 and 93). For the following reasons, the Court declines to exercise its supplemental jurisdiction over the remaining claim and defendant in this case and therefore dismisses this case without prejudice to refiling in state court.

This case arises out of a series of events that led to Plaintiff Michelle Stevens being tazed by police officers with the City of Blue Ash on March 25, 2009. On January 28, 2011, Plaintiffs filed an amended complaint in which, inter alia and pursuant to 42 U.S.C. § 1983, they set forth a federal

constitutional claim of excessive force and deliberate indifference against the law enforcement and city defendants (doc. 33). The complaint also set forth a "Professional Negligence" claim against Defendant Kathleen Grant based on allegations that, as Plaintiff Michelle Stevens' psychologist, she breached a duty she owed Plaintiff Michelle Stevens and caused Stevens harm thereby. This is the only claim directed at Defendant Grant, and it is purely a state law negligence claim.

On October 31, 2011, Defendants City of Blue Ash, Blue Ash Police Department, Chief Chris Wallace, Officer Allison Norton, and Officer Roger Pohlman were dismissed from the case by way of a voluntary dismissal (doc. 79).[1] Consequently, the sole remaining defendant in this case is Defendant Kathleen Grant, and the sole remaining cause of action is the state-law negligence claim against her.

When this case included the federal constitutional claim against the law enforcement and city defendants, the Court clearly had original jurisdiction over the federal claims, see 28 U.S.C. § 1331, and it made sense for the Court to exercise its supplemental jurisdiction over the state-law claims in the case because they arguably formed part of the same controversy. See 28 U.S.C. § 1367(a). However, with the dismissal of those defendants

---

[1] Though not relevant to this Opinion, Plaintiff David Stevens was also dismissed by voluntary dismissal on January 23, 2012 (doc. 92).

and their related federal claims, the case currently before the Court more properly belongs in state court. The Court therefore exercises its discretion and DISMISSES this case WITHOUT PREJUDICE to refiling in state court. See 28 U.S.C. § 1367(c)(3); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-27 (1966)("[I]f the federal claims are dismissed before trial...the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate...the state claims may be dismissed without prejudice...."); Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988).

SO ORDERED.

Dated: 2/22/12

S. Arthur Spiegel
United States Senior District Judge

-3-